```
1  SIDNEY J. COHEN, ESQ., State Bar No. 39023
   SIDNEY J. COHEN PROFESSIONAL CORPORATION
2  427 Grand Avenue
   Oakland, CA  94610
3  Telephone:  (510) 893-6682

4  Attorneys for Plaintiff
   HOLLYNN DELIL
5
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HOLLYNN DELIL | CASE NO. C 03 00427 EDL ADR |
|---|---|
| Plaintiff, | Civil Rights |
| v. | |
| SEA LION CAFE: NEPTUNE'S PALACE SEAFOOD RESTAURANT; PIER RESTAURANTS, L.P.; NORTH POINT PIER, INC.; and DOES 1-25, Inclusive, | **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§54, §54.1, §55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |
| Defendants. / | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff HOLLYN DELIL complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION:  DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC
ACCOMMODATION:  PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION
(§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)**

1.      Plaintiff is a "person with a disability" or "physically handicapped person."[1] Plaintiff

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves the denial of restroom and related facilities to Plaintiff and other disabled persons on August 21, 2002 at the Sea Lion Cafe and Neptune Palace Seafood Restaurant at Pier 39 in San Francisco, California (hereafter the "restaurant"). Plaintiff was denied equal protection of the law and was denied Civil Rights under both California law and federal law, as hereinbelow described. Plaintiff was denied her rights to full and equal access at the restaurant because it was not, and is not now, properly accessible to physically disabled persons such as Plaintiff who use wheelchairs. Plaintiff seeks injunctive relief to require Defendants to make these specified facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities will be provided accessible entry and proper accessible facilities. Plaintiff also seeks recovery of damages for her personal injuries and discriminatory experiences as a result of Defendants' failure and refusal to provide accessible facilities, and seeks recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq*., Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in said intradistrict and Plaintiff's causes of action arose in said intradistrict.

6. **PARTIES:** Defendants and Does 1-25, Inclusive, are the owners, operators,

lessors, lessees and/or franchisors and franchisees of the Premises. This building is a "public accommodation or facility" subject to the requirements of California Health & Safety Code §§19955 et seq. and of California Civil Code §§54, et seq. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs, or additions" subjecting such building to disabled access requirements per §19959, et. seq. Health & Safety Code.

7. The true names and capacities of Defendants Does 1 through 25, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes that each of the Defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff ; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants and DOES 1-25, Inclusive, are and were the owners, operators, lessors, lessees and/or franchisors and franchisees of the subject restaurant and premises at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Plaintiff and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §19955 et. seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in the City and County of San Francisco, State of California.

10. §§19955ff Health & Safety Code was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such

1  public accommodations are defined to include premises such as are the subject of this Complaint.
2  §§19955ff Health & Safety Code also requires that "When sanitary facilities are made available for
3  the public, clients or employees in these stations, centers, or buildings [s] they shall be made
4  available for persons with disabilities." Title 24, California Code of Regulations, formerly known
5  as the California Administrative Code, was in effect at the time of each alteration which, on
6  information and belief, occurred at such public facility since July 1, 1982, thus requiring access
7  complying with the specifications of Title 24 whenever each such "alteration, structural repair or
8  addition" is carried out.  On information and belief, Defendants have carried out alterations,
9  structural repairs, or additions to the premises during the period Title 24 has been in effect.  On
10 information and belief, alterations, structural repairs, or additions which  triggered access
11 requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant
12 to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the
13 incorporated provisions of §4450ff Government Code.

14        11.    Plaintiff, who requires a wheelchair for mobility, traveled to the premises in her Van
15 on August 21, 2002 for dinner at the Sea Lion Cafe with family members. Plaintiff had difficulty
16 traversing the path of travel to the Sea Lion Cafe entrance because the slope of the ramp is
17 excessive, and plaintiff had difficulty on the exterior entry because the landing at the entry is not
18 level. Once at the entry, plaintiff was confronted by double doors that were too narrow to permit
19 plaintiff to enter independently, and plaintiff therefore required  assistance to gain entry to the
20 interior of the restaurant. After finishing her meal, plaintiff had the need to use the women's
21 restroom, which is located in the Neptune Palace Seafood Restaurant. Upon proceeding to the
22 women's restroom, plaintiff encountered a narrow corridor leading to the restroom. After gaining
23 entry to the interior of the women's restroom with some difficulty, plaintiff found that she was
24 unable to use the toilet because the stall was too narrow to permit plaintiff to make a "side transfer"
25 from her wheelchair to the toilet. Because she was unable to use the women's restroom, plaintiff
26 was forced to hastily depart the premises and locate an accessible restroom elsewhere.

27        12.    On information and belief, the restaurant and its facilities are inaccessible to persons
28

Complaint for Damages and Injunctive Relief          -3-                    Complaint-Damages-Inj-Relief

with disabilities in other aspects in violation of Federal and State law, including but not limited to lack of proper signage and lack of an accessible men's restroom.

13. As a result of Plaintiff's encounter as set forth in paragraph 11, supra, Plaintiff has been denied full and equal access in violation of her civil rights, all to her embarrassment, humiliation, and damages according to proof.

14. The restaurant above described constitutes a public facility and a public accommodation within the meaning of Health & Safety Code §§19955ff and are facilities to which members of the public are invited. The aforementioned acts and omissions of defendants and each of them constitute a denial of equal access to and use and enjoyment of these facilities by persons with disabilities, including plaintiff. Said acts and omissions are also in violation of provisions of Title 24 of the California Administrative Code. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54(c) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

15. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

16. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to the restaurant, its public facilities, and its rest rooms. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities and requires

the use of a wheelchair for movement in public places; Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of this restaurant and its facilities.  The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court, who is deterred from returning to the restaurant until it is brought into compliance with all Federal and State disabled access laws and regulations..

17. **DAMAGES:** As a result of the denial of equal access to the facilities of the restaurant and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, franchising, constructing, altering, and maintaining the subject facility, Plaintiff suffered a violation of her Civil Rights including but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered physical discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to her damages as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use these public facilities on a full and equal basis as other persons. Plaintiff also seeks trebling of all actual damages, general and special, as provided by §54.3 Civil Code.

18. **PUNITIVE DAMAGES:** On information and belief, Defendants have been aware prior to Plaintiff's encounter at the facility that their denial of access and their lack of accessible facilities at the Premises was denying "full and equal access" to Plaintiff and other disabled persons, and would continue to deny such access on a daily basis until fully accessible facilities were provided for disabled persons.  Moreover, on information and belief, Defendants were on notice of such lack of disabled access and the effect it had and would continue to have on Plaintiff and other disabled persons.

19. On information and belief, the acts and omissions of Defendants in failing to provide the required access prior to,  at the time of, or subsequent to Plaintiff's visit indicate actual and implied malice toward Plaintiff and other disabled persons, and constitute  despicable conduct by Defendants with a willful and conscious disregard for the rights and safety of Plaintiff and of other

disabled persons, and justify punitive and exemplary damages pursuant to §3294 Civil Code in an amount sufficient to make an example of Defendants and to carry out the purposes of §3294 Civil Code.

20. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of §§54.3 and 55 Civil Code. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their restaurant and its facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure and other applicable law.

21. Wherefore, Plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant such access to Plaintiff and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code §55, and other law. Plaintiff further requests that the court award damages pursuant to Civil Code §54.3 and other provisions of law and attorney fees, litigation expenses, and costs pursuant to §19953 Health & Safety Code, Civil Code §55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Plaintiff prays for relief as hereinafter stated:

### SECOND CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101FF

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ."

24. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this act
(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

25. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among "private entities" which are considered "public accommodations" for purposes of this title are premises.

26. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

Complaint for Damages and Injunctive Relief     -7-     Complaint-Damages-Inj-Relief

27. Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

28. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 1, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA, as well as per §19959 California Health and Safety Code.

29. On information and belief, as of the date of Plaintiff's encounter at the premises and as of the date of the filing of this Complaint, the premises have denied and continue to deny full and equal access to Plaintiff and to other disabled wheelchair users in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against Plaintiff on the basis of her disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC

Complaint for Damages and Injunctive Relief    -8-    Complaint-Damages-Inj-Relief

§12182.

30.     Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302 and §303. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons access to this public accommodation since on or before Defendant's encounters as previously discussed.  Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

31.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the Premises.

Wherefore Plaintiff prays for relief as hereinafter stated:

## PRAYER

Plaintiff prays that this Court:

1.     Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject restaurant to modify the above described Premises and related  facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide proper access to the Premises and other facilities usable by plaintiff  and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2.     Retain jurisdiction over the Defendants until such time as the Court is satisfied that

1 Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public
2 facilities as complained of herein no longer occur, and will not recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, and punitive damages in an amount sufficient to make an example of Defendants, all according to proof;

4. Award to Plaintiff all reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: January 30, 2003        SIDNEY J. COHEN
                               PROFESSIONAL CORPORATION


                                      Sidney J. Cohen
                               By _____
                                      Sidney J. Cohen
                                      Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: January 30, 2003        SIDNEY J. COHEN
                               PROFESSIONAL CORPORATION


                                      Sidney J. Cohen
                               By _____
                                      Sidney J. Cohen
                                      Attorney for Plaintiff

## CERTIFICATION OF INTERESTED ENTITIES AND PARTIES

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no interest to report.

Dated: January 30, 2003        SIDNEY J. COHEN
                               PROFESSIONAL CORPORATION


                                      Sidney J. Cohen
                               By_____
                                      Sidney J. Cohen
                                      Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28